07-20696.o2

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-20696-CIV-HOEVELER-BROWN

JOSE ADEGA, as personal representative
of the Estate of Guillermo L. Pomares,
for the use and benefit of the Estate of
Guillermo L. Pomares and Mirna Pomares,

    Plaintiffs,

vs.

STATE FARM FIRE & CASUALTY
INS. CO.,

    Defendant.
_____/

## ORDER RE:MOTION TO COMPEL PRODUCTION

**This matter** is before this Court on Plaintiff's Motion to Compel Production of Non-Privileged Documents...(D.E. 29), filed November 30, 2007. The Court has considered the motion, the response, and all pertinent materials in the file. No reply was filed.

In the first place, as this motion has been pending since November, the discovery cutoff deadlines cannot be applicable. At issue herein, is plaintiff's characterization of the documents in question as "non-privileged." The response to the motion characterizes the non-produced documents as being protected under either the work product doctrine or one of two types of attorney-client privilege.

Simply stated, the Court must resolve the question of what is, or is not, discoverable in a bad faith cause of action.[1] To do so, the first question is - what law applies? This Court concludes that

---

[1] While defendant characterizes this as a third party case as opposed to a first party case, for the purpose of this motion that is a distinction without significant difference. See, infra.

1

Florida law applies to answer this question, for the same reasons stated in Cozort v. State Farm Mutual Automobile Insurance Co., 233 F.R.D. 674, 676 (M.D. Fla. 2005). The next "question within a question" is - has the Supreme Court of Florida answered this question? With some serious reservation, this Court agrees with the majority of courts that it has.

The case of Allstate Indemnity Company v. Ruiz, 899 So. 2d 1121 (Fla. 2005) squarely addressed the question of discovery in a bad faith case, and in so doing dispensed with the differences between third party and first party claims. See id. at 1129-30. It is not in dispute that in so doing, it rendered the opinion that work product from the underlying case is discoverable in the subsequent bad faith litigation. Id. The question that is disputed by some courts is whether this includes materials protected by the attorney-client privilege. Compare Fidelity & Casualty Ins. Co. of New York v. Taylor, 525 So. 2d 908 (Fla. 3rd DCA 1987) (quoted with approval in Ruiz), with XL Specialty Ins. Co. v. Aircraft Holdings, LLC, 929 So. 2d 578 (Fla. 1st DCA 2006), review granted, 935 So. 2d 1219 (2006) and Liberty Mutual Fire Insurance Company v. Bennett, 939 So. 2d 1113, 1114 (Fla. 4th DCA 2006).

Begrudgingly, after carefully reviewing the language in Ruiz, this Court agrees with the conclusion of Judge Moreno in the case of Nowak v. Lexington Insurance Company, No. 05-21682-CIV-MORENO, 2006 WL 3613760, at *1 (S.D. Fla. June 22, 2006) where the Court stated:

> Absent a decision from the Florida Supreme Court on an issue of state law, this Court is bound to follow the decisions of the state's intermediate courts, unless there is some persuasive indication that the highest court of the state would decide the issue differently. *McMahan v. Toto*, 311 F.3d 1077, 1080 (11th Cir. 2002). There is some "persuasive indication" that the Supreme Court would differ with *XL Specialty* and find the attorney-client privilege does not protect attorney-client material from discovery in a subsequent first-party bad faith suit.

The reason for the use of the word "begrudgingly" is because of the analysis that appears in the Ruiz decision and those cases following it, addressing whether it includes attorney-client protected materials in its decision allowing discovery. While the Florida courts have discussed, at

2

length, the discovery that should be permitted in a bad faith case, there has been precious little analysis of the sanctity of the attorney-client privilege - a cornerstone of the entire judicial/legal system in this country. Even in XL Specialty, which ruled that Ruiz did not intend that discovery include attorney-client protected documents, there is precious little discussion about that privilege itself, and even less in Bennett.

The attorney-client privilege has been around a lot longer than bad faith litigation. Indeed, said privilege probably existed before the advent of insurance in this country - a necessary prerequisite to any bad faith claim. "The attorney-client privilege is the oldest of the privileges known to the common law." Upjohn Company v. United States, 449 U.S. 383, 101 S. Ct. 677 (1981). It is "older than the proverbial hills" and long recognized in our judicial system. See, e.g., Hunt v. Blackburn 128 U.S. 464, 470, 9 S. Ct. 125, 127 (1888) (the privilege "is founded upon the necessity, in the interest and administration of justice, of the aid of persons having knowledge of the law and skilled in its practice, which assistance can only be safely and readily availed of when free from the consequences or the apprehension of disclosure") (emphasis added). Likewise, it has long been recognized as applicable when the client is a corporation. See, e.g., United States v. Louisville & Nashville R. Co., 236 U.S. 318, 336, 35 S. Ct. 363, 369 (1915).

Interestingly, in the recent publication of Litigation - the Journal of the Section of Litigation of the American Bar Association, the Chair of that section, in looking back over the Canons of Ethics adopted by the ABA 100 years ago, notes that they effect the very concept of the trial lawyer. She states, in pertinent part, "the lawyer must maintain the confidentiality of the client, defending the privileged conversations between lawyer and client against all attempts to invade the sanctity of that special relationship." Judith A. Miller, Defending Our Clients by Defending Our Ethics, Litigation, Winter 2008 at 1.

Having stated these reservations, this Court concludes that the language in Ruiz "all materials including documents, memoranda, and letters, contained in the underlying claim and related litigation

3

file material that was created up to and including the date of resolution of the underlying disputed matter and <u>pertaining in any way</u> to coverage, benefits, liability or damages [are discoverable]" (emphasis added) certainly suggests that this includes materials normally considered to be protected by the attorney client privilege. 899 So. 2d at 1130. This is particularly so in view of the Supreme Court's favorable agreement with the language in <u>Taylor</u> that "the pertinent issue is the manner in which the company has handled the suit <u>including its consideration of the advice of counsel</u> so as to discharge its mandated duty of good faith." 899 So. 2d at 1129 (quoting <u>Taylor</u>, 525 So. 2d at 909-10) (emphasis added). It is but the tiniest of jumps to recognize that one cannot examine "consideration of the advice of counsel" without crossing the bridge of the attorney-client privilege.

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that said motion be and the same is hereby **GRANTED**, to the extent that defendant shall produce all materials, including documents, memoranda, and letters, contained in the underlying claim and related litigation file material that was created up to and including the date of resolution of the underlying disputed matter and pertaining in any way to coverage, benefits, liability or damages. The Court recognizes that <u>XL Specialty</u> is under review and has been since August, 2006. It is hoped that whatever decision is made, the appropriate consideration is given to the sanctity of the attorney-client privilege.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of April, 2008.

STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

cc: Honorable William M. Hoeveler
Counsel of record