UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20696-CIV-HOEVELER

JOSE ADEGA, as personal representative
of the ESTATE OF GUILLERMO L. POMARES,
for the use and benefit of the ESTATE OF
GUILLERMO L. POMARES and MIRNA
POMARES,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

### ORDER

BEFORE the Court is the plaintiff's motion in limine to exclude the testimony of State Farm's expert witness Greg Gaebe. The motion is fully briefed and ready for a decision.

The plaintiff contends that Mr. Gaebe's background as a lawyer does not qualify him to render the opinions about State Farm's insurance claims-handling practices. Further, the plaintiff argues that the remainder of Mr. Gaebe's opinions are inadmissable legal conclusions.

State Farm responds that, according to Florida law, Mr. Gaebe is qualified as an attorney to adjust insurance claims and that, in any event, his substantial experience, training, and education in the area of bad-faith insurance litigation qualify him to opine about the integrity of State Farm's claims adjusting process.

1

Further, State Farm submits that none of Mr. Gaebe's expert opinions can be considered legal conclusions.

Federal Rules of Evidence Rule 702 provides that a witness may qualify as an expert by knowledge, skill, experience, training, or education. The Court notes that a trial court's role as gatekeeper, as set forth in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) is not intended to serve as a replacement for the adversary system. As the <u>Daubert</u> court wrote, "[v]igorous cross examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." <u>Daubert</u>, 509 U.S. at 595. Rejection of an expert's testimony is the exception rather than the rule, and the Court finds that for the most part Mr. Gaebe's expert opinions appear to be admissible, because of his significant knowledge and experience with the standards governing bad-faith in the insurance industry. The Court is satisfied that Mr. Gaebe's opinions numbered 5, 6, and 7 in his expert report are admissible. These items basically concern the nature and extent of State Farm's efforts to offer and tender policy limits to settle the case, and to negotiate the claims with plaintiff's counsel.

Arguably, other portions of Mr. Gaebe's opinions come somewhat closer to presenting legal conclusions. The Eleventh Circuit has written that, "[a]n expert may testify as to his opinion on an ultimate issue of fact," but the "expert may not. . . merely tell

2

the jury what result to reach." <u>Montgomery v. Aetna Casualty & Surety Co.</u>, 898 F.2d 1537, 1541 (11th Cir. 1990). Thus, "the mere fact that an expert's conclusion trenches upon a jury does not compel its exclusion." <u>U.S. v. Milton</u>, 555 F.2d 1198, 1203 (5th Cir. 1977). Courts, however, "must remain vigilant against the admission of legal conclusions." <u>Id</u>. This is because an expert "may not testify to the legal implications of conduct; the court must be the jury's only source of the law." <u>Montgomery</u>, 898 F.2d at 1541.

This case is about whether State Farm made adequate efforts to achieve a settlement and release of its primary insured. Although State Farm's expert may not offer a conclusion, for example, that State Farm acted in good faith in handling Adega's case, he may give his opinion regarding what ordinary industry claims-handling practices consist of and whether or not State Farm met those standards. As explained by one court, when "the substance of the expert's testimony concerns ordinary practices and trade customs which are helpful to the fact-finder's evaluation of the parties' conduct against the standards of ordinary practice in the insurance industry, his passing reference to a legal principle or assumption in an effort to place his opinions in some sort of context will not justify the outright exclusion of the expert's report in its entirety." <u>Travelers Indemnity Co. of Illinois v. Royal Oak Enterprises, Inc.</u>, 2004 WL 3770571, at *2 (M.D. Fla. 2004); <u>see also</u> <u>Kearney v. Auto-Owners Ins. Co.</u>, 2009 WL 3712343 *10 (M.D. Fla. 2009). It appears that Mr. Gaebe's expert opinions numbered 1

3

through 4 fall into the category of admissible testimony that will be reliable and illuminating. On the other hand, Mr. Gaebe's expert opinion number 4 concerning, in substance, whether State Farm's was bound to seek a global release of all its insured under "existing Florida law at the time" will almost certainly be inadmissable. It is hereby,

ORDERED AND ADJUDGED: The plaintiff's motion in limine to preclude the expert testimony of Mr. Gaebe is DENIED, without prejudice for the plaintiff to challenge specific testimony as inadmissible legal conclusions during trial.

**DONE AND ORDERED** in Miami, Florida, March 30th 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE