UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-20696-CIV-HOEVELER

JOSE ADEGA, as personal representative
of the ESTATE OF GUILLERMO L. POMARES,
for the use and benefit of the ESTATE OF
GUILLERMO L. POMARES and MIRNA
POMARES,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

BEFORE the Court is State Farm's motion in limine [DE 113] to prevent the plaintiff from presenting evidence about litigation decisions and tactics employed during the wrongful death lawsuit by Robert Coloumbe, Mr. Llerena's State Farm-appointed defense lawyer.

According to the plaintiff, State Farm chose to litigate the wrongful death lawsuit based on untenable defenses such as contributory negligence, rather than trying to settle the case in Llerena's best interest. Plaintiff contends that evidence of Mr. Coloumbe's meritless litigation strategy is admissible to establish (1) State Farm's bad faith in failing to settle the case and (2) that the plaintiff is entitled to recover attorney's fees incurred while State Farm allegedly prolonged the lawsuit without purpose.

The facts of this case, however, are not exactly as the

1

plaintiff suggests. The Court notes that State Farm extended at least two settle offers for policy limits, which Adega refused to accept because of how the offers were confected and the conditions of the releases. In reality, this bad faith lawsuit has nothing to do with litigation strategies. It is about whether State Farm exercised good faith in evaluating its settlement options and ultimately choosing not to offer a special release of its primary insured, in light of all the factual circumstances. Information about what State Farm knew of Llerena's exposure to liability in the tort case is relevant and admissible, to the extent this information should have factored into State Farm's evaluation of its settlement options.[1]

The plaintiff also argues that State Farm's actions in providing Llerena with a frivolous defense in the tort case caused the plaintiff to incur extra litigation costs. The plaintiff seeks "special or consequential" damages which he claims he can prove by introducing evidence of Mr. Coloumbe's litigation strategy. On the other hand, State Farm argues an insurer's litigation conduct in an underlying tort lawsuit cannot be introduced as evidence in a subsequent bad-faith case because "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding." <u>Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell v. United State Fire Insurance Co.</u>, 639 So. 2d 606, 608 (Fla.

---

[1] State Farm does not dispute the admissibility of communications between Mr. Coloumbe and State Farm.

1994). The Court does not embrace either side's position.

In a third-party bad faith case such as this one, the plaintiff stands in the shoes of the insured, and can only recover damages that would be recoverable by the insured. The plaintiff has not established that this category of damages includes his increased costs and expenses incurred because Mr. Coloumbe allegedly prolonged the case. In fact, so far as it appears, Coloumbe investigated the case and considered possible defenses as any attorney would have.

In any event, the Court is inclined to agree that if Adega were entitled to relief concerning a vexatious litigation strategy, that relief should have come from the trial judge in the tort case not from this Court. See <u>Levin</u>, 639 So. 2d at 608-609 ("Clearly, a trial judge has the inherent power to do those things necessary to enforce its orders, to conduct its business in a proper manner, and to protect the court from acts obstructing the administration of justice.").

On the other hand, the Court is not convinced that the "absolute immunity" for litigation conduct discussed in <u>Levin</u> automatically prevents the plaintiff from discussing Mr. Coloumbe's trial decisions, if this evidence is relevant to what State Farm knew or should have known as it was evaluating settlement options and not subject to another evidentiary objection. If necessary, the Court will consider this on a case by case basis as it arises at trial. Accordingly, it is hereby

ORDERED AND ADJUDGED: State Farm's motion in limine concerning the litigation privilege is GRANTED in part and DENIED in part. The plaintiff may not present evidence of Mr. Coloumbe's trial strategy for the purpose of establishing State Farm is responsible for Adega's increased costs and expenses of prosecuting the tort case. However, if appropriate, the Court will decide what information, if any, about Coloumbe's trial strategy is admissible for the purpose of establishing the circumstances surrounding State Farm's failure to settle the case.

**DONE AND ORDERED** in Miami, Florida, March 30, 2010.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE